ENTERED
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET
NORTHERN DISTRICT OF TEXAS

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed February 18, 2010**

United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PAUL LEWIS REIS, JR., and | § | Case No. 09-70166-HDH-13 |
| MARITHEA EVELYN REIS, | § | |
| | § | |
| Debtors. | § | |

### ORDER ON MOTION FOR RELIEF FROM ORDER OF DISMISSAL

Came before the Court for hearing, the Debtors' Motion For Relief From Order Of Dismissal ("Motion"), filed on January 21, 2010. The Court held a hearing on the Motion on February 17, 2010, and took the Motion under advisement for further consideration. After consideration, the Court finds that the Motion should be denied.

The instant bankruptcy case was filed on April 14, 2009. It was dismissed when the Debtors failed to make Plan payments. This is the second bankruptcy case within a calendar year for the Debtors.

The Debtors fell behind on their Chapter 13 Plan payments because Mr. Reis lost his job.

Before the case was dismissed, through their then attorney, Mr. White, the Debtors entered into an agreed order regarding their vehicle which provides under certain conditions, including the failure to pay their Plan payments to the Chapter 13 Trustee timely, the automatic stay would lift without further order of the court. The stay has now lifted under that order.

At the hearing the Debtors indicated that they could not cure the arrears owed under their Plan unless they were given the opportunity to make such payments over a period of time. Ordinarily, to have a case reinstated, the Debtors would be required to promptly cure any arrears. Mrs. Reis testified that the motion filed by the Texoma Community Credit Union regarding the vehicle, as well as the agreed order, were surprises to her. This Court reviewed the docket and finds this testimony questionable. The certificate of service on the credit union's motion shows that it was served on the Debtors. The agreed order was signed by Debtors' counsel. It is a fairly standard order for a second bankruptcy case within a calendar year. To keep the stay in effect, the Debtors must timely pay the Chapter 13 Trustee. If they don't, they must return the vehicle to the secured creditor.

In deciding whether to reconsider a prior order, the Court has wide discretion. *See Lavespere v. Niagara Machine & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990), *cert. denied,* 114 S.Ct. 171 (1993). The agreed order between the Debtors and the credit union regarding their vehicle was signed by Debtors' counsel and is now a final order. Even if the case were to be reinstated, Debtors would not have grounds to set aside the agreed order. Because the agreed order relates to the vehicle Debtors need to drive to and from work to fund their Plan, reinstatement would be futile.

Based on these facts, it is

**ORDERED** that the Motion is **DENIED**.

###End of Order###